UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE INGRID MALAT IRREVOCABLE TRUST, <br><br> Appellant, <br><br> v. <br><br> SURETY TITLE CORPORATION, et al., <br><br> Appellees. | Civil No. <br> 10-cv-0002 (NLH) <br><br> **OPINION** |

**APPEARANCES**:

John C. Penberthy, III, Esquire
Penberthy & Penberthy, P.C.
2001 Lincoln Drive West, Suite A
Marlton, N.J. 08053
*Attorney for Appellant The Ingrid Malat Irrevocable Trust*

Nicola G. Suglia, Esquire
Fleischer & Fleischer
Plaza 1000 at Main Street, Suite 208
Voorhees, N.J. 08043
*Attorney for Appellee Surety Title Corporation*

Jeffrey M. Sponder, Esquire
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, N.J. 07012
*Attorney for Appellee United States Trustee*

Michael D. Bonfrisco, Esquire
Simeone & Bonfrisco, L.L.C.
Harvard Law Building
1522 Route 38
Cherry Hill, N.J. 08002
*Attorney for Hugh O'Connell*

**HILLMAN, District Judge**

Appellant, the Ingrid Malat Irrevocable Trust, has appealed a decision by the United States Bankruptcy Court denying Appellant's motion to reinstate its Chapter 11 bankruptcy case and to impose temporary restraints. As a result of the Bankruptcy Court's prior rulings, Appellant's real property, located at 214 White Horse Pike, Haddon Heights, New Jersey ("the property"), was sold during a sheriff's sale. Appellant argues that the Bankruptcy Court improperly stripped it of the protection afforded by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Surety Title Corporation ("Surety Title"), the property's mortgagee, and Hugh O'Connell, the property's purchaser, oppose Appellant's appeal.

For the reasons expressed below, the Court will affirm the Bankruptcy Court's decision.[1]

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 8012, oral argument in a bankruptcy appeal shall be permitted in all cases unless the district judge deems it unnecessary. Based on a review of the parties' briefs and the record, the Court finds that its decisional process would not be significantly aided by oral argument. The Court notified the parties by Text Order dated March 12, 2010, that, unless otherwise ordered, no oral argument would be held in this appeal. The parties have not objected to, or provided any reasons to alter, this Court's decision.

**I.   JURISDICTION**

United States district courts have mandatory jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges.  28 U.S.C. S 158(a)(1).

**II.   BACKGROUND**

In April 2009, Appellant filed for Chapter 11 bankruptcy protection.  In an Order dated June 23, 2009, the Bankruptcy Court granted Surety Title stay relief with respect to its foreclosure actions against Appellant's property.  Moreover, at a hearing held on the same day, June 23, 2009, the Bankruptcy Court granted the United States Trustee's motion to dismiss the case, holding that, as an irrevocable trust, Appellant did not properly constitute a "person" or "entity" under Chapter 11 and, thus, was not a debtor entitled to bankruptcy protection.[2]  The Bankruptcy Court filed an order memorializing its dismissal of the case on or around June 26, 2009.  In the meantime, on June 24, 2009, Appellant's property was sold at a sheriff's sale to a third-party purchaser, Hugh O'Connell.

Soon thereafter, in July 2009, Appellant filed a second Chapter 11 bankruptcy petition.  The Bankruptcy Court, in or around August

---

[2] The designated record does not include any transcripts of judicial proceedings.  However, the Court has procured audio recordings of the hearings held by the Bankruptcy Court on June 23, 2009 and November 30, 2009.  The Court's knowledge of those hearings is limited to the audio recordings and the parties' representations describing them.

2009, granted Surety Title relief from stay and prospective relief and denied Appellant's second petition.  A motion for reconsideration of the Bankruptcy Court's decision was denied.  Appellant then filed a motion in the Superior Court of the State of New Jersey to vacate the property's sale and to extend the redemption date.  In an Order dated October 7, 2009, the Superior Court denied Appellant's application to show cause and held that Appellant's "motion to vacate Sale held June 24, 2009 is hereby denied."  The Superior Court, however, did extend the redemption period for about ten days.  Appellant did not redeem the property during the time period prescribed by the court.

   Instead, Appellant moved to reinstate the Chapter 11 case, and sought additional relief, so that it could initiate an adversary proceeding in the Bankruptcy Court.  The Bankruptcy Court held a hearing on or around November 30, 2009 and, as set forth in an Order dated December 8, 2009, denied Appellant's motion to reinstate the Chapter 11 case and to impose temporary restraints in the form of stay continuation.  At the hearing, the Bankruptcy Court reiterated that Appellant was ineligible to be a debtor entitled to bankruptcy protection and that on June 23, 2009, the Court had both granted stay relief to Surety Title and dismissed the original bankruptcy proceeding.  In light of the equities of the case, the Bankruptcy Court retroactively annulled any stay that may have existed at the

time of the sheriff's sale and, in turn, validated the sale. Accordingly, in its December 8th Order, the Bankruptcy Court decreed that "any stay existing from June 23, 2009 through June 26, 2009 be and is hereby annulled" and that "the Sheriff's Sale conducted by Surety on June 24, 2009 in connection with the sale of [the property] be and is hereby validated."

On or around December 21, 2009, Appellant filed an application for an order to show cause in this Court, seeking injunctive and temporary stay relief. The Court denied Appellant's request. Present before the Court is Appellant's appeal of the December 8, 2009 ruling of the Bankruptcy Court.

## III.  DISCUSSION

### A. Standard of Review

On appeal, legal conclusions are subject to de novo review. In re United Healthcare Sys., 396 F.3d 247, 249 (3d Cir. 2005). Factual findings are reviewed for clear error. Discretionary decisions are examined for abuse of that discretion. Id.

### B.  Analysis

Appellant advances several arguments in support of its appeal and its request to reinstate its bankruptcy proceedings. First, because the Bankruptcy Court did not file the Order to dismiss the bankruptcy proceeding until June 26, 2009, says Appellant, the sheriff's sale of the property on June 24, 2009 was premature and

should be voided.  Second, Appellant argues that the Bankruptcy Court's refusal to void the sale of the property violates 11 U.S.C. § 362, which stays all collection efforts during the pendency of a bankruptcy case, and 11 U.S.C. § 349, which re-vests property back to the party who possessed it before the case commenced.  Third, Appellant contends that it was entitled to an automatic stay for ten days following the Bankruptcy Court's June 26th decision by virtue of Federal Rule of Bankruptcy Procedure 4001(a)(3), thereby precluding any sale of the property.  Lastly, Appellant asserts that the equities of the case counsel in favor of voiding the sheriff's sale.

To begin, as a threshold matter, Appellant contends that the sheriff's sale, held on June 24, 2009, occurred before the Bankruptcy Court dismissed the bankruptcy action by way of its Order dated June 26, 2009.  Although its ruling may not have been formally memorialized until June 26th, the Bankruptcy Court granted the United States Trustee's motion and dismissed the case as part of the hearing held on June 23, 2009, thereby effectively terminating Appellant's bankruptcy action a day before the sale.[3]  See In re

---

[3] This Court made the same finding as part of its Order dated December 21, 2009, in which it denied Appellant's application for an order to show cause.  Appellant does not point to any legal authority or anything in the record sufficient to undermine this conclusion.  On the contrary, as part of its own motion to reinstate the bankruptcy proceedings before the Bankruptcy Court,

Justice, 1999 U.S. App. LEXIS 4071, at **4-5 (9th Cir. Mar. 10, 1999) (finding the bankruptcy court's oral ruling effective and enforceable); Noli v. Comm'r of Internal Revenue, 860 F.2d 1521, 1525 (9th Cir. 1988) (holding that bankruptcy court's oral order lifted automatic stay even though a written order was never entered); cf. United States v. Scarfo, 263 F.3d 80, 88 (3d Cir. 2001) (noting that "[t]he oral order possessed judicial force and effect" and could have been enforceable). During the hearing on November 30, 2009, the Bankruptcy Court explained that while the delay in filing the dismissal order was a procedural lapse, the Court, nonetheless, granted dismissal at the June 23rd hearing. This Court agrees. Consequently, the bankruptcy action was dismissed prior to the sale of the property and, thus, there was no legal impediment to the sale.[4]

---

Appellant, itself, seems to acknowledge that the first bankruptcy proceeding was dismissed at the hearing held on June 23, 2009. (See Mot. to Reopen, Bankr. Docket, 09-27243, Entry # 24, at ¶ 3; Certif. of Samuel A. Malat, Bankr. Docket Entry # 24.2, at ¶ 3). This ruling is limited to the issue of whether the dismissal occurred prior to the contested sale. The Court does not opine on whether an oral decision or order of the Bankruptcy Court is immediately appealable absent a written order. It is worth noting, however, that in the present matter, Appellant filed its Notice to Appeal after the Bankruptcy Court issued its decision orally on November 30, 2009, but before the decision was memorialized in a formal order on December 8, 2009.

[4] The Court recognizes that, with respect to bankruptcy proceedings, the efficacy of an oral order and the significance in timely docketing a written order are subject to debate in our federal courts. See In re Nail, 195 B.R. 922, 930-32 (Bankr.

Second, Appellant relies on 11 U.S.C. §§ 362 and 349.  Section 362 automatically stays any proceedings concerning a debtor or its property during the pendency of a bankruptcy petition.  See In re Advanced Elecs., Inc., 283 F. App'x 959, 965 (3d Cir. 2008); see also In re Siciliano, 13 F.3d 748, 750 (3d Cir. 1994) ("The Bankruptcy Code states that a bankruptcy petition operates as a stay to all enforcement proceedings against the debtor." (citing 11 U.S.C. § 362(a))).  Further, Section 349(b)(3) provides: "Unless the court, for cause, orders otherwise, a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."  As intended by Congress, however, the dismissal of a case "was to undo the bankruptcy case as far as practicable, and restore all property rights to the position in which they were found at the commencement of the case."  In re Nagel, 245 B.R. 657,

---

N.D. Ala. 1996).  Suffice it to say, the issuance of written orders is a judicial necessity.  However, given the Bankruptcy Court's conclusion that Appellant was an entity unentitled to bankruptcy protection, the dispatch with which that Court dismissed Appellant's original bankruptcy action, and Appellant's subsequent failure to redeem its property, no harm or inequity arises through the enforcement of the Bankruptcy Court's June 23rd oral order.
    Moreover, as explained infra, even if this Court were to accept that Appellant's original bankruptcy action was not dismissed until the docketing of the June 26th Order, the outcome of this appeal would be the same by virtue of the discretion entrusted to the Bankruptcy Court and that Court's articulated reasons for annulling any stays and affirming the sheriff's sale.

662 (D. Ariz. 1999) (citations and internal quotation marks omitted); see In re Webb Mtn, LLC, 414 B.R. 308, 339 (Bankr. E.D. Tenn. 2009) (noting that "termination of the automatic stay at the moment a dismissal order is entered is the quickest and most effective means of restoring debtors and creditors to their status quo positions prior to the case in bankruptcy" (citations, internal quotation marks, and brackets omitted)).  Section 349(b), its legislative history clarifies, "was not intended to unwind sales to bona fide purchasers," nor, presumably, any "transfers made in accordance with the Bankruptcy Code and orders of the court."  In re Sports & Science, Ind., Inc., 95 B.R. 745, 747 (Bankr. C.D. Cal. 1989); see In re Randall, 358 B.R. 145, 168 (Bankr. E.D. Pa. 2006) (noting that the purpose of Section 349(b) "does not necessarily encompass undoing sales of property from the estate to a good faith purchaser" (citation and internal quotation marks omitted)).  After all, the court is permitted to order a different result for cause.  Sports & Science, Ind., 95 B.R. at 747-48.

   It appears that sometime before the bankruptcy proceedings, Appellant's property became subject to foreclosure and a sheriff's sale.  However, not until after the bankruptcy proceedings were dismissed and the stay annulled was the sheriff's sale executed and

9

the property sold.  Therefore, by dismissing the case, the sheriff's sale was permitted to proceed.[5]

Furthermore, the Bankruptcy Court's decision to validate the sale, in effect, fulfilled the basic purpose of Section 349(b), as articulated in its legislative history, by returning the property rights to the position they would have been in the absence of the bankruptcy proceedings.  There is no indication or suggestion that

---

[5] Dismissal of the case notwithstanding, the Bankruptcy Court granted Surety Title relief from the Section 362 stay on June 23, 2009.  In the Order, the Bankruptcy Court decreed:

> IT IS FURTHER ORDERED that the automatic stay of Bankruptcy Code Section 362(a) is vacated to permit the movant, its successors and/or assigns to institute or resume and prosecute to conclusion one or more action(s) in the court(s) of appropriate jurisdiction to foreclose the mortgage(s) held by the movant upon the land and premises commonly known as 214 White Horse Pike, Haddon Heights, New Jersey 08035.

Consequently, the automatic stay of Section 362 was annulled prior to the sheriff's sale.
  In any event, in its Order dated December 8, 2009, the Bankruptcy Court annulled "any stay existing from June 23, 2009 through June 26, 2009."  Appellant does not challenge, either explicitly or persuasively, the Bankruptcy Court's authority to retroactively annul any stay that may have existed or to enforce its prior orders. See Siciliano, 13 F.3d at 750 (stating that, under some circumstances, "the power to annul authorizes the court to validate actions taken subsequent to the impressing of the [11 U.S.C. § 362] stay" and that courts have "wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay" (citations and internal quotation marks omitted)).

the Bankruptcy Court's disposition of this case induced a sale, awarded the property to another party, or otherwise altered the property's fate.  On the contrary, the resolution of this matter simply terminated the bankruptcy case and invited the continuation of whatever non-bankruptcy proceedings were already in motion.  The Bankruptcy Court made as much clear in its June 23rd Order, in which it permitted Surety Title relief from the Section 362 stay so that it could "institute or resume and prosecute" a foreclosure of its mortgage.  This result seems entirely fair given that, by the Bankruptcy Court's own determination, Appellant, an irrevocable trust, was not legally entitled to avail itself of the benefits of bankruptcy law.

Alternatively, even if the case had not been dismissed until June 26th, the Court finds that Section 349(b) should not alter the outcome of this case.  For one thing, the Court questions whether Appellant ever presented its argument concerning Section 349(b) to the Bankruptcy Court.  Based on the record, it appears that this argument was never advanced below and is presented here for the first time.  See In re Rauh, 119 F.3d 46, 51 (1st Cir. 1997) ("As the bankruptcy court was never afforded an opportunity to consider the theory and authorities now advanced . . . , we decline the invitation to do so on appeal."); Deck v. Chase Home Fin., L.L.C., 2007 U.S. Dist. LEXIS 76800, at *8 (S.D. Ind. Sept. 28, 2007)

(noting in a bankruptcy appeal that "[a]rguments first raised on appeal are waived"); In re CK Liquidation Corp., 332 B.R. 72, 76 (D. Mass. 2005) (noting in a bankruptcy appeal that "'appellate courts will not consider an issue which was not before the trial court and which is first raised on appeal'" (citation omitted)).  Moreover, Section 349(b)(3) makes clear that, for cause, courts may refrain from restoring the property with the party that possessed it before the bankruptcy proceedings commenced.  Reasons to excuse the application of Section 349(b)(3) may include the decision to protect bona fide purchasers and to effectuate or enforce orders of the Bankruptcy Court.  See Sports & Science, Ind., 95 B.R. at 747-48.

Here, ample cause exists to deviate from whatever applicability Section 349(b)(3) may have in this case.  The Bankruptcy Court held that Appellant was not an entity entitled to protection or relief under bankruptcy law.  The Court is unaware of any law or ruling that contravenes this determination, nor is that matter presently before the Court.  Because, as contemplated by bankruptcy law and in accordance with the law of the case, Appellant was not a "debtor" and its property never constituted an "estate," it is reasonable that Appellant not be afforded the protection of Section 349(b)(3). Moreover, in its June 23rd Order, the Bankruptcy Court annulled any stay under Section 362(a) to specifically enable Surety Title to foreclose on the mortgage -- presumably, as soon as was practicable

12

and with the understanding that the case was to be dismissed. Therefore, Section 349(b)(3) should not serve to undo a sale to a third-party bona fide purchaser simply because the written order dismissing the bankruptcy case was not filed until three days after the same case was orally dismissed.[6]  The Bankruptcy Court, after all, had discretion to annul a stay or choose to validate the sale. See In re Snyder, 293 F. App'x 140, 142 (3d Cir. 2008) (holding that, upon a review of the relevant factors and equities, "we cannot say that the Bankruptcy Court abused its discretion in annulling the automatic stay for the purpose of ratifying the . . . sheriff's sale").

Third, Federal Rule of Bankruptcy Procedure 4001(a)(3) provides:  "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise."[7]  As the Court explained when it denied

---

[6] Again, the Court stresses that even when afforded more time to redeem its property by the New Jersey Superior Court months after its improper bankruptcy filing, Appellant failed to do so. Moreover, while the sheriff's sale occurred on June 24, 2009, the deed to Appellant's property was not actually executed until about July 3, 2009.  By that time, the Court had issued its written order formally dismissing the bankruptcy case.

[7] Due to a recent amendment, Rule 4001(a)(3) now stays the order until the expiration of 14 days.  At all relevant times during this action, however, the stay endured for 10 days after the issuance of an order.

13

Appellant's application for an order to show cause, Rule 4001(a)(3) is inapplicable here because the Bankruptcy Court's decision on June 23, 2009 did not simply grant a motion for relief from an automatic stay but, rather, dismissed Appellant's bankruptcy action altogether.  See In re Gargani, 398 B.R. 839, 840 (Bankr. W.D. Pa. 2009) ("In clear and unambiguous language, Congress has stated its intent for the automatic stay to terminate upon the dismissal of the case.  Once the case is dismissed, creditors are free to exercise their rights in the debtor's assets." (internal citation omitted)); see also Webb Mtn, 414 B.R. at 339 (noting that "when a case is dismissed, the stay is terminated" (citation and quotation marks omitted)).  The Bankruptcy Court expounded upon the same reasoning during its November 30th hearing.  Appellant has not presented any legal authority to rebut this conclusion.

Moreover, by its own clear and plain language, Rule 4001(a)(3)'s stay is amendable if "the court orders otherwise."  Thus, assuming arguendo the applicability of the stay in this case, the Bankruptcy Court was able to exercise its discretion as to whether a stay should be granted. See In re Stoltzfus, 2009 Bankr. LEXIS 2634, at **18-19 (Bankr. E.D. Pa. Mar. 30, 2009) (holding that, "given the totality of the circumstances," the Rule 4001(a)(3) stay shall not apply in this case); In re El Mariachi, L.L.C., 2008 Bankr. LEXIS 4238, at *6 (Bankr. D. Conn. Jul. 14, 2008) (holding

that, under the circumstances of the case, the Rule 4001(a)(3) stay, "if applicable, shall be deemed inapplicable so that the Movants may immediately exercise their right to possession of the Property in accordance with applicable non-bankruptcy law"). Because the Bankruptcy Court concluded that Appellant was not an entity entitled to bankruptcy protection, a ruling that has not been successfully challenged by Appellant, the Bankruptcy Court had ample reason not to apply the stay imposed by Rule 4001(a)(3), as iterated by that Court during the November 30th hearing. At the very least, the Bankruptcy Court annulled any putative stay in its Order dated December 8, 2009.

Finally, the Court does not agree that the equities of this case so favor Appellant that the Bankruptcy Court's decisions should be disrupted. Accepting the law of the case, Appellant was not entitled to any legal protections under bankruptcy law. Further, the record suggests that O'Connell is a bona fide third-party purchaser of the property who would suffer harm if the sale were voided. Moreover, to the extent that Appellant wanted the property, Appellant had additional time to redeem it as ordered by the New Jersey Superior Court on October 7, 2009. Appellant, however, did not exercise its right to redeem. It also appears that Appellant did not prosecute an appeal on the merits after the Bankruptcy Court's dismissal of its action in June 2009, nor did it pursue any

adversary proceedings while its prior bankruptcy actions were active. Both the Bankruptcy Court and the Superior Court have denied Appellant the relief it has sought, and at this late date, this Court cannot find any reason, as presented by the parties, to reverse any prior decisions made in this case.

Therefore, the Court will affirm the Bankruptcy Court's judgment in this matter.

## IV. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's judgment, set forth in its Order dated December 8, 2009, is affirmed. An Order consistent with this Opinion will be entered.

Date:   September 16, 2010          /s/ NOEL L. HILLMAN
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.